UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOKDINH SAYASACK,

           Petitioner,

v.

JERI BOE,

           Respondent.

CASE NO. 3:18-cv-05315-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  August 17, 2018

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Dokdinh Sayasack filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner's habeas petition alleges that he received ineffective assistance of counsel at trial and that he is factually innocent of the crime for which he was convicted. However, he already filed a habeas petition with the Court in the year 2000 that has been adjudicated on the merits, and so must receive permission from the Ninth Circuit Court of Appeals before filing a

1 second or successive habeas petition. Because petitioner has raised grounds in his present
2 petition that were not raised in his first habeas petition, but are not based on a change in
3 constitutional law or newly discovered evidence, the Court recommends plaintiff's petition be
4 dismissed without prejudice.

**BACKGROUND**

6 Petitioner was convicted and sentenced in 1995 for one count of aggravated murder in the
7 first degree. Dkt. 8-1, p. 2. The Washington Court of Appeals affirmed his conviction on direct
8 appeal in 1998 (*Id*. at pp. 13-41) and the Washington Supreme Court denied review (*Id*. at p. 43).
9 In 2000, petitioner, through counsel, filed a federal habeas petition pursuant to 28 U.S.C. § 2254.
10 *Id*. at p. 47. In that habeas petition, he challenged his convictions based on ten grounds, alleging
11 that his Sixth Amendment right to confront witnesses was violated, that his fair trial guarantee
12 was violated infringed for several reasons, that he was denied due process because of faulty jury
13 instruction, and that the State produced insufficient evidence for conviction. *Id*. The magistrate
14 judge (the Honorable J. Kelley Arnold) recommended that nine of petitioner's habeas grounds be
15 denied because they were unexhausted and procedurally defaulted, and that his one remaining
16 ground be denied on its merits. *Id*. at pp. 78-90. The Honorable Robert Bryan agreed and
17 dismissed the habeas petition with prejudice. *Id*. at pp. 93-94. He also provided petitioner with a
18 certificate of appealability (*id*. at p. 97) and the Ninth Circuit affirmed the District Court on
19 appeal (*id*. at pp. 101-04).

20 Subsequently, petitioner filed this 2018 habeas petition. Dkt. 1. He raises two grounds for
21 relief, namely that he received ineffective assistance of counsel at trial and that he is factually
22 innocent of the crime for which he was convicted. Dkt. 4. Respondent filed a motion to dismiss
23
24

1  petitioner's 2018 habeas petition or, in the alternative, transfer it to the Ninth Circuit for further
2  adjudication. Dkt. 8.

## DISCUSSION

The Ninth Circuit states that "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2): that there has been a change in a rule of constitutional law, or that petitioner has raised a ground based on newly discovered evidence that could not have been raised in his initial petition. "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb*, 576 F.3d at 1029 (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). "[A] denial [of the first petition] on the grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive'[.]"*Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (internal citations omitted); *McNabb*, 576 F.3d at 1029. A petitioner challenging a Washington conviction may only bring a second or successive petition with permission from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244 (b)(3)(A).

The 2018 petition here challenges the same conviction as petitioner's previous 2000 petition. Petitioner's 2018 petition is thus a second or successive petition and petitioner was

required to receive authorization from the Ninth Circuit Court of Appeals before filing his second challenge, which petitioner did not do. 28 U.S.C. § 2244 (b)(3)(A). Petitioner has now challenged his conviction alleging that he received ineffective assistance of counsel and claiming his factual innocence for the first time in this Court. However, petitioner has not identified any interceding changes in constitutional law, and though he alleges actual innocence for the first time, he has not shown that his actual innocence claim is based on newly discovered evidence warranting a transfer to the Ninth Circuit. Petitioner's previous petition was denied on the merits, and petitioner has not demonstrated that his current grounds could not have also been adjudicated in that petition as well. Because petitioner's new habeas grounds are not based on a change in constitutional law or newly discovered evidence, dismissal without prejudice is appropriate.

Therefore, the Court recommends dismissing petitioner's habeas petition without prejudice. He may then file an application to file a second habeas petition with the Ninth Circuit Court of Appeals.

## CERTIFICATE OF APPEALABILITY

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

Petitioner has filed a second or successive petition that requires authorization from the Ninth Circuit before the District Court has jurisdiction to examine it, and the habeas petition is not based on an interceding change of constitutional law or newly discovered evidence showing actual innocence. Therefore, the Court recommends petitioner's habeas petition be dismissed without prejudice and he be allowed to apply to the Ninth Circuit for permission to file his second petition

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 17, 2018, as noted in the caption.

Dated this 27th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge